IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLENE NOVIC, &ast;

    Plaintiff, &ast;

    v. &ast;     Civil Action No.: RDB-17-0177

MIDLAND FUNDING, LLC, *et al.*, &ast;

    Defendants. &ast;

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

## MEMORANDUM & ORDER

Plaintiff Charlene Novic ("Plaintiff" or "Ms. Novic") initially brought this action against Defendants Credit One Bank, N.A. ("Credit One"), Midland Funding, LLC and Midland Credit Management, LLC (collectively, "Midland"), Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC, ("Equifax"), and Experian Information Solutions, Inc. ("Experian")[1] alleging violations of the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (Am. Compl., ECF No. 23.)

On September 21, 2017, this Court DENIED Defendant's Motion to Compel Arbitration and Stay the Litigation (ECF No. 52). (ECF No. 100.) Defendants appealed. The United States Court of Appeals for the Fourth Circuit vacated and remanded with instructions by unpublished opinion. *Novic v. Credit One Bank,*

---

[1] On June 15, 2017, this Court ordered a Stipulation of Dismissal with Prejudice between Ms. Novic and Defendant Trans Union. (ECF No. 63.) On September 11, 2017, by agreement of the parties, this Court dismissed Defendants Equifax and Experian from this action. (ECF No. 93.) On November 28, 2017, by agreement of the parties, this Court dismissed Midland from this action. (ECF No. 128.) Therefore, Credit One is the only remaining defendant.

*National Association*, 2019 WL 103878 (4th Cir. 2019). The Fourth Circuit denied the petition for rehearing, and the formal mandate was issued on February 12, 2019. (ECF Nos. 119, 120.)

Accordingly, IT IS HEREBY ORDERED that:

1. Ms. Novic shall pursue her claims against Credit One in arbitration.

2. All proceedings in this matter shall be STAYED pending the conclusion of the arbitration.

3. The parties shall notify this Court when the arbitration has concluded. This Court shall retain jurisdiction until such time.

4. The Clerk of the Court shall ADMINISTRATIVELY CLOSE this case for possible reopening pursuant to further Order of this Court upon the application (by December 31, 2020) of any party hereto based upon the resolution of the related proceedings or other good cause.

5. The administrative closing of this case shall not affect any rights of the parties in this, or any other, proceeding.

Dated: February 25, 2019.

_____
Richard D. Bennett
United States District Judge